IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

    Plaintiff

vs.                                          Criminal Case Number: GLR-20-0337

STEPHEN L. SNYDER

    Defendant

## STATUS REPORT

Pursuant to the Court's December 13, 2023 Order, Respondent submits the following case status report:

1. Respondent does not intend to appeal to the Fourth Circuit any opinion related to Grand Jury 2021 subpoenas.

2. Respondent has authorized Mr. Weiner to distribute required documents to the government.

3. Mr. Weiner has authorized Respondent to visit his office and examine documents that he distributed to the government via 'thumb drive.'

4. Mr. Weiner did not, and has not, provided Respondent with either an identical 'thumb drive' or the contents of said 'thumb drive.'

5. Mr. Weiner has provided the 'thumb drive" and/or the contents of said 'thumb drive' to the Government.

6. Respondent will argue that Mr. Weiner has a legal obligation to provide the contents of the 'thumb drive' to Respondent, regardless of any current dispute between these partie

7. Respondent will require thirty (30) minutes to argue the sensitive/sealed issue.

8. Respondent will require three (3) hours to argue the Motion to Dismiss. Three expert witnesses will be called to testify during this time.

9. Respondent will require (15) minutes to argue the document issues regarding Mr. Stern.

10. A Motion to Dismiss is pending, and the potential of a trial on the merits before a jury remains.

11. Respondent estimates a trial in this matter will require two weeks to conclude.

12. Respondent intends to file an additional memorandum under seal due to said memorandum's high level of sensitivity.

**13. Prior to having the Kevin Stern memo relevant to a disqualification, a Disqualification hearing on Arnold Weiner for his role in meeting Stern to prepare a compliance list in advance of the fourth circuit ruling. *** NOT SURE WHAT THISIS TRYING TO SAY*****

14. All parties are familiar with the "Stern Memo." No sensitive issues are present therein.

15. A hearing on the significance of the "Stern Memo" has yet to occur.

16. Respondent requests that the Court hold a hearing on the significance, if any, of the "Stern Memo."

17. Respondent is uncertain whether Mr. Stern is aware that the "Stern Memo" has been produced, nor does Respondent have any knowledge as to the potential for testimony by Mr. Stern.

18. Respondent believes the "Stern Memo" has not been produced.

19. Respondent denies any communications on said subject with Mr. Stern.

20. Mr. Weiner has no record of the "Stern Memo" being produced.

21. Respondent is unaware of any notes created by Mr. Stern on said subject.

22. Respondent's reading of documents produced by Mr. Stern reveals no reference to said issue.

23. Neither Respondent, nor Mr. Weiner, possess any note, document, reference, or conversation with Respondent regarding this memo's significance, if any.

24. The only presence, or reference, to the word 'Janitor' is found in document(s) produced by Natalie Nagenberger, a Delaware resident.

25. During the Brady hearing, Respondent expressed concern regarding the relevant status of Mr. Wiener once said document has been produced. ***need to say something more here***

Very Truly yours,

Stephen L. Snyder, Esquire
(443) 610-7611
Steveslaw@icloud.com