IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Criminal Case No. GLR-20-0337 |
| STEPHEN L. SNYDER, | * | |
| Defendant. | * | |
| | * | |

\*\*\*

## ORDER

Pending before the Court are self-represented Defendant's Motions to Seal (ECF Nos. 176, 178, 180) and Defendant's Motion to Disqualify Judge (ECF No. 177). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will deny the Motion to Disqualify and the Motion to Seal the Motion to Disqualify. The Court will grant in part and deny in part the Motions to Seal the Status Reports.

### I.      Motion to Disqualify

The Court will construe Defendant's Motion to Disqualify Judge (ECF No. 177) as one under 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). In determining impartiality,

the question "is not whether the judge is impartial in fact," but rather whether another "might reasonably question [the judge's] impartiality on the basis of all the circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir.1998).

Defendant alleges that the Court cannot be impartial because (1) the Presiding Judge is an alumnus of the University of Maryland Law School, (2) the Presiding Judge has some philanthropic relationship with the University of Maryland Law School, (3) Defendant has engaged in "legal representation" against the Presiding Judge's "immediate family member who committed a serious act," and (4) the Court was otherwise biased during the Brady Hearing. (Mot. Disqualify at 2–3, ECF No. 177).

As to the first and second allegations, this case concerns conduct involving the University of Maryland Medical System (UMMS). UMMS is a separate entity from the University of Maryland and the University of Maryland Law School. The Presiding Judge has no relationship with UMMS. As to the third allegation, Defendant provides no details on the "legal representation" or how it would prevent the Presiding Judge from being impartial in this case. A judge is "presumed to be impartial" and there is "a substantial burden upon the moving party to sufficiently demonstrate that the judge is not impartial." Molinaro v. Watkins-Johnson CEI Div., 359 F.Supp. 474, 476 (D.Md. 1973). To be sufficient, an allegation of bias or prejudice "must identify and carefully delineate time, place, persons, occasions, and circumstances supporting the belief of bias or prejudice." Id. (quoting United States v. Partin, 312 F.Supp. 1355, 1359 (E.D.La. 1970)). Defendant does not provide any details on this purported "legal representation," and the Court is not aware of any legal actions involving the Presiding Judge's family members

that would affect his impartiality in this case. Defendant does not meet his burden of demonstrating that the presiding Judge is not impartial.

As to the fourth allegation, Defendant does not identify any statements in which the Presiding Judge indicated bias at the Brady Hearing. In any event, to demonstrate that a judge is not impartial a party must allege that the judge has a "<u>personal</u> bias or prejudice" of "extrajudicial origin which would result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." <u>Molinaro</u>, 359 F.Supp. at 476 (citing <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966). Disqualification is not appropriate where, as Defendant alleges here, "the adverse attitude is created by what is presented during the course of the trial." <u>Molinaro</u>, 359 F.Supp. at 476. The Court finds that Defendant has failed to establish any reasonable basis as to why the Court's impartiality should be questioned, and his Motion to Dismiss Judge from Case will therefore be denied.

## II.   Motions to Seal

A motion to seal must comply with Local Rule 105.11, which requires that the proponent include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections." This rule endeavors to protect the common law right to inspect and copy judicial records and documents, <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, <u>In re Knight Publ'g Co.</u>, 743 F.2d 231, 235 (4th Cir. 1984). "[S]ensitive medical or personal identification information may be sealed," but not where

"the scope of [the] request is too broad." <u>Rock v. McHugh</u>, 819 F.Supp.2d 456, 475 (D.Md. 2011). The Court notes that Defendant continues to fail to comply with the Local Rule filing requirements set forth in Local Rules 105 and 207 (D.Md. 2023). Nevertheless, the Court will consider and accept the motions for consideration.[1]

As the Court explained in its February 1, 2024 Order (ECF No. 174), the Motion to Disqualify does not contain any sensitive medical or personal information, and the Motion to Seal the Motion to Disqualify (ECF No. 176) will be denied. The Status Reports (ECF Nos. 179, 181) do contain sensitive medical information and medical records. However, the Status Reports need not be sealed in their entirety. The Court will redact the medical records and the sensitive information from the Status Reports, but the documents will otherwise remain unsealed.

Upon consideration of the Motions, it is this 25th day of March, 2024, by the United States District Court for the District of Maryland, hereby:

ORDERED that Defendant's Motion to Disqualify (ECF No. 177) is DENIED;

IT IS FURTHER ORDERED that Defendant's Motion to Seal the Motion to Disqualify (ECF No. 176) is DENIED;

IT IS FURTHER ORDERED that Defendant's Motions to Seal to Status Reports (ECF Nos. 178, 180) are GRANTED in part and DENIED in part;

---

[1] Future filings are subject to being returned as non-compliant and may result in a denial of the relief requested.

IT IS FURTHER ORDERED that the unopposed Motions to Seal the Status Reports (ECF Nos. 178, 180) are GRANTED to the extent they seek to seal sensitive medical information;

IT IS FURTHER ORDERED that the Motions to Seal (ECF Nos. 178, 180) are otherwise DENIED;

IT IS FURTHER ORDERED that the Court will DOCKET versions of the Status Reports (ECF Nos. 179, 181) that include redactions only for sensitive medical information; and

IT IS FURTHER ORDERED that Defendant is FOREWARNED that he should refrain from including sensitive medical information in future status reports where such information is not necessary. To the extent Defendant needs to include sensitive medical information, he shall FILE proposed redactions in compliance with Local Rules 105 and 207 (D.Md. 2023).


_____/s/_____

George L. Russell, III
United States District Judge