**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE | 6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0637<br>MDD_DLBChambers@mdd.uscourts.gov |

November 1, 2024

**LETTER ORDER**

RE:   *United States v. Stephen L. Snyder*
      DLB-20-337

Dear Counsel and Mr. Snyder:

Enclosed is the Court's voir dire. We will discuss it at the hearing on Monday.

Although informal, this letter is an Order of the Court and shall be docketed as such. The Clerk shall mail a copy of this Order to Mr. Snyder.

Sincerely,

*/s/*

Deborah L. Boardman
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | Case No. 1:20-cr-00337-DLB |
| v. | * | |
| | * | |
| **STEPHEN L. SNYDER,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

## VOIR DIRE

My name is Deborah Boardman, and I am a United States District Judge here in the United States District Court for the District of Maryland. I am the presiding judge in this matter. Seated in front of me to my left is Becca Maldeis, our courtroom deputy clerk, and seated directly in front of me is Amanda Longmore, our court reporter. Seated with them is one of my law clerks, Rachel Schwab. The parties and counsel are seated at the long tables, and I will introduce them shortly.

You are here today for jury duty. I know that taking the time to come to the courthouse and potentially serve on a jury for approximately two weeks may disrupt schedules, create obstacles for you and your families at work and at home, or feel like a burden or inconvenience. I appreciate the sacrifices you are making to fulfill this important duty. The right to a trial by jury is one of the cornerstones of our judicial system, and jury duty is a crucial part of preserving that right.

We are here today to select a jury in a criminal case brought by the government against the defendant, Stephen L. Snyder. Mr. Snyder is charged in an indictment with criminal offenses. As I will instruct you later, an indictment is simply a formal way of charging someone with a crime and it is not evidence of guilt; indeed, criminal defendants are presumed innocent unless and until proven guilty beyond a reasonable doubt. In this case, Mr. Snyder denies the charges set forth in the indictment.

In Count One, Mr. Snyder is charged with Attempted Extortion, in violation of 18 U.S.C. § 1951 and 2. In Counts Two through Eight, Mr. Snyder is charged with violating the Travel Act, in violation of 18 U.S.C. § 1952(a)(3) and (b)(2).

The indictment charges that Stephen L. Snyder: "willfully and knowingly, did attempt to commit extortion," a term defined under the law as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." The indictment further charges that Mr. Snyder "traveled in interstate commerce and used a facility in interstate commerce . . . with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: extortion in violation of Maryland Criminal Law § 3-701," which provides that "[a] person may not obtain, attempt to obtain, or conspire to obtain money, property, labor, services, or anything of value from another person with the person's consent, if the consent is induced by wrongful use of actual or threatened . . . economic injury." The alleged victim is the University of Maryland Medical System.

This case is expected to last approximately two weeks. I expect, but I can't promise, that the trial will conclude on Friday, November 22, 2024. Each day, we will start at 9:30 a.m., have a short mid-morning break, break for lunch from 1:00 p.m. to 2:00 p.m., have a short mid-afternoon break, and conclude at 5:00 p.m.

I am now going to ask a series of questions that can be answered by Yes or No. These questions are not intended to pry into your personal affairs or to embarrass you. Your answers to these questions will help ensure that the jury selected can be completely fair and impartial in this case. Although I am sure all of you would do your best to be fair and impartial, not everyone is well-suited to sit on every jury. For example, if you are related to or friends with one of the witnesses, it would be better for you to not serve on this particular jury. Each of you should have

a clipboard, a blank answer sheet, and a pencil. Does anyone not have those things? I will ask the questions one by one. Please check "yes" or "no" next to each of the questions on the answer sheet that has been provided to you. I want to stress that each of you took an oath to tell the truth during the jury selection process. So it is your legal requirement to be honest in your responses to my questions. When all of the questions have been asked, you will go to the courtroom next door and wait there until you are called back, one-by-one, into this courtroom. When you return to this courtroom, I will ask you about your answers. No other members of the jury panel will be present during the discussion. You will be identified by your juror number only, not your name.

After I have finished asking you questions individually, I will ask everyone to return to this courtroom, and I will announce the selected jury members.

During the juror selection process, including when you are waiting in the courtroom next door, please do not discuss this case or these questions with your fellow prospective jurors or with anyone else. Please do not perform any research on this case, the lawyers, the defendant, or post anything about this case on social media while we are completing jury selection, or, if selected, throughout the entire trial.

Even if you do not end up serving as a juror in this case, we are grateful for your presence here today and your participation in the jury selection process. Before we begin, does anyone have any questions? Let's begin.

1.  Other than what I just told you, do you know anything at all about this case either through your own personal knowledge, through media reports or social media, or discussion with anyone else?

2.  The defendant in this case is Stephen L. Snyder. Do you know or have you had any dealings with Mr. Snyder or any of his friends, associates, or family members?

3.  Mr. Snyder is an attorney. He is representing himself in this case. Mr. Snyder has a right to represent himself at this criminal trial. You have an obligation to be fair and impartial in this case. Do you believe your ability to be fair and impartial would be affected by the fact that Mr. Snyder is representing himself in this case?

4.  Mr. Snyder has stand-by counsel, attorney Gerald Ruter. Stand-by counsel will not represent Mr. Snyder in this case, but I have allowed Mr. Snyder to have stand-by counsel and Mr. Ruter will be sitting next to Mr. Snyder during the trial. Mr. Ruter, please stand and face the jury. Do you know or have you had any dealings or association with Mr. Ruter?

5.  Do you know Nicole Cozzy, Mr. Snyder's paralegal?

6.  The United States of America is represented by Assistant United States Attorneys Matthew Phelps and Evelyn Cusson. Do you know or have you had any dealings or association with Mr. Phelps or Ms. Cusson?

7.  Again, my name is Deborah Boardman. Do you know or have you had any dealings or association with me or anyone on my judicial staff?

8.  The following people may be called as witnesses or mentioned during the trial. Please pay attention as I say their names. Please check yes if you know or have had any dealings or association with any of these individuals.

    [witness list]

9. Do you know the United States Attorney for the District of Maryland, Erek L. Barron, any of the Assistant United States Attorneys in that office, or any other employees of the United States Attorney's Office here in Maryland?

10. Do you know any other member of the jury panel?

>I will now ask you some questions that apply to you and to members of your immediate family. By immediate family, I mean your spouse, parents, children, brother, sister, or anyone residing with you. I do **not** mean aunts, uncles, cousins, nieces, nephews, or in-laws unless they live with you.

11. Have you or a member of your immediate family ever been employed by any law enforcement agency, such as a police department, sheriff's office, state or federal prosecutor's office, the FBI, or another federal law enforcement agency?

12. Have you or a member of your immediate family ever been employed by a criminal defense attorney's office?

13. Have you or a member of your immediate family ever been employed in this courthouse or acquainted with an employee in this courthouse?

14. Do you have an opinion, favorable or unfavorable, about police, FBI agents, or other law enforcement officers?

15. Do you have an opinion, favorable or unfavorable, about criminal defense attorneys?

16. Do you have an opinion, favorable or unfavorable, about prosecutors?

17. Do you have an opinion, favorable or unfavorable, about lawyers who represent people in personal injury or medical malpractice cases?

18. Have you or any member of your immediate family ever attended law school, taken a paralegal course, received legal education or training of any kind, or worked as a lawyer, paralegal, legal secretary, or private investigator?

19. Have you or any member of your immediate family ever been represented by or been in a dispute with Stephen L. Snyder, the Law Office of Snyder & Snyder, P.A., or The Snyder Law Group?

20. Have you or any member of your immediate family ever been employed by or worked for the University of Maryland Medical System?

21. During this trial, witnesses may be state or federal law enforcement officers. Would you tend to give more or less weight to the testimony of a law enforcement officer than you would to the testimony of a witness who is a not a law enforcement officer?

22. Would you tend to give more or less weight to the testimony of a witness called by the prosecution than you would to the testimony of a witness called by the defense?

23. Would you tend to give more or less weight to the testimony of a witness called by the defense than you would to the testimony of a witness called by the prosecution?

24. This case may involve testimony from people who are cooperating with law enforcement in exchange for the possibility of receiving reduced sentences. The government is permitted to enter into such agreements and to present the testimony of such witnesses. Do you have an opinion about the use of informants in the investigation of a crime, or the presentation of testimony from cooperating witnesses by the government, that would interfere with your ability to consider fairly the evidence presented in this case?

25. Have you or any member of your immediate family ever been a victim of medical negligence?

26. Have you or any member of your immediate family ever been a plaintiff in a medical malpractice lawsuit?

27. At all times relevant to this case, Mr. Snyder was a plaintiff's attorney specializing in medical malpractice cases. Do you have any opinions, favorable or unfavorable, about

plaintiff's attorneys who specialize in medical malpractice cases?

28. Have you ever served on a grand jury in either state or federal court?

29. Have you ever served as a juror in a criminal or civil case in either state or federal court?

30. At the end of this trial, I will instruct you on the law that you must follow in this case. Even if you personally do not agree with the law as I instruct it to you, you must follow it. Would you be unable or unwilling to follow my instructions on the law?

31. The Court will instruct you that an indictment is merely an allegation and is not proof of anything. Do you believe that because a defendant has been arrested for or charged with a crime, the defendant is guilty?

32. Under our Constitution, there is a presumption that every person charged with a criminal offense is presumed innocent unless and until proven guilty by the prosecution beyond a reasonable doubt. Would you have any difficulty applying this presumption of innocence?

33. Under the law, the burden rests with the prosecution to prove the charged offenses beyond a reasonable doubt. Would you have any difficulty applying this law?

34. Under the law, the defendant in a criminal case is not required to explain their side of the case and the defendant has an absolute right not to testify. Would you have any difficulty applying this law?

35. At trial, you may be instructed to disregard during your deliberations certain statements you may have heard in court. Would you have any difficulty following this instruction?

36. Do you feel that you cannot stand in judgment of another individual?

37. Your obligation as a juror is to consider each charge separately. Neither the number nor the seriousness of the offenses charged should have any bearing on your consideration of the evidence or your deliberations. To reach a verdict on each charge, every juror must agree unanimously that the defendant is guilty or not guilty. It is your duty, as jurors, to consult

with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Would you have any difficulty engaging in this deliberative process that I've described?

38. Do you know of any other reason why you could not sit with absolute impartiality to both sides as a juror in this case?

39. Jurors will be instructed that they may not research anything about the case on the internet or elsewhere, and that they must avoid any reports or information about the case or the trial in the media, on the internet or on social media. Would you have any difficulty following these instructions during the trial?

40. Do you have any reservations about the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?

41. Do you have any difficulty understanding the English language?

**Follow-up to these questions will be sealed**

42. Have you or any member of your immediate family had dealings with or been in a dispute with the FBI?

43. Are you currently a party in any case (civil or criminal) pending in any court?

44. Have you or a member of your immediate family ever been the victim of a crime?

45. Have you or a member of your immediate family ever been arrested for or charged with a crime or ever been the subject of a criminal investigation?

46. Have you or a member of your immediate family ever been accused of participating in a financial scheme that unfairly benefited another?

47. Have you or a member of your immediate family ever been a witness for the prosecution or the defense in a criminal case?

48. This trial will last approximately two weeks. If you are selected to serve as a juror on this case, you are required by law to serve until the case is completed. Is there any reason why you could not serve on this jury for approximately two weeks?

49. Do you have any impairment of your vision or hearing that might make it difficult for you to see and hear the witnesses during the trial?

50. Are you taking any medication that might make it difficult for you to give your full attention to the trial?

51. Do you have any physical or mental illness or condition that would affect your ability to serve as a juror in this case?

52. Is there anything else you would like to bring to my attention regarding your possible service as a juror in this case that I have not asked you about?